SIXTH DIVISION

November 1, 2002

No. 1-01-4238

THE ESTATE OF NORMA PRICE, Deceased,

Plaintiff-Appellee, 

v.

UNIVERSAL CASUALTY COMPANY,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Bernetta D. Bush,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Norma Price was involved in a hit-and-run accident and obtained an arbitration award for uninsured motorist benefits.  Defendant refused to pay the arbitration award.  Plaintiff, the estate of Norma Price, filed a two-count complaint seeking: (1) confirmation of the arbitration award plus interest and costs pursuant to section 11 of the Uniform Arbitration Act (710 ILCS 5/11 (West 1998)); and (2) statutory penalties, costs, and attorney fees pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)) alleging that defendant, Universal Casualty (Universal), failed to participate in the arbitration and refused to pay the award, which constituted vexatious and unreasonable conduct under section 155.

The trial court granted Universal’s motion to dismiss.  Plaintiff appealed.  We reversed and remanded for further proceedings, finding that “plaintiff has presented sufficient evidence of a section 155 violation to withstand defendant’s section 2-1110 motion.”  
Estate of Price v. Universal Casualty Co.
, 322 Ill. App. 3d 514, 520 (2001).  In so finding, we note as follows:

“Specifically, defendant's attitude was to delay settlement and payment of this claim; defendant required plaintiff to bring suit; defendant did not offer any settlement until the trial court ruled against it; and defendant refused to comply with the court's order awarding plaintiff interest from the date of the arbitration award.”  
Estate of Price
, 322 Ill. App. 3d at 518.

On remand, the trial court found that Universal’s conduct was vexatious and unreasonable and allowed plaintiff to file a fee petition.  Plaintiff filed a brief and argument in support of her petition for penalties, attorney fees and costs and Universal filed a response to the petition.  The trial court conducted a hearing on the petition and awarded plaintiff $5,000 in penalties pursuant to section 155 and $31,226.50 in attorney fees, which included $596.50 in costs.  Universal appeals the issue of attorney fees only.

ANALYSIS

The petition for fees must indicate specific facts, including the services performed, by whom they were performed, the time expended and the hourly rate charged.  
Fiorito v. Jones
, 72 Ill. 2d 73 (1978).  “Once presented with these facts, the trial court should consider a variety of additional factors such as the skill and standing of the attorneys, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client [citation], and whether there is a reasonable connection between the fees and the amount involved in the litigation.”   
Kaiser v. MEPC American Properties, Inc.
, 164 Ill. App. 3d 978, 984 (1987).  The trial court’s decision as to what constitutes reasonable compensation in the context of attorney fees will not be disturbed absent an abuse of discretion.  
Chicago Title & Trust Co. v. Chicago Title & Trust Co.
, 248 Ill. App. 3d 1065, 1072 (1993). 

Mindful of these principles we address defendant’s challenge to the fee petition.  We note the  trial court on remand found that Universal’s conduct was vexatious and unreasonable under section  155 and allowed plaintiff to file a fee petition.  This case presents a challenge to attorney fees recovered in the context of section 155.  We review section 155 before turning to the specific fee petition at issue in this case. 

Section 155 is intended to penalize vexatious delay or rejection of legitimate claims by insurance companies.  If the insurer vexatiously delays or rejects legitimate claims, it is responsible for the expense resulting from the insured’s efforts to prosecute the claim.  
Verbaere v. Life Investors Insurance Co. of America
, 226 Ill. App. 3d 289 (1992).  When an insured must resort to bringing a declaratory action against the insurer in order to enforce its right to coverage in an underlying lawsuit, the insured may recover section 155 attorney fees incurred in both the underlying case and the declaratory action.  
Mobil Oil Corp. v. Maryland Casualty Co.
, 288 Ill. App. 3d 743 (1997). 

Section 155 indicates as follows:

“Attorney fees. (1) in any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such

party is entitled to recover against the company, exclusive of all costs;

(b) $25,000;

(c) the excess of the amount which the court or jury finds such

party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.”  215 ILCS 5/155 (West 2000).

Section 155 contains permissive rather than mandatory language.  
Marcheschi v. Illinois Farmers Insurance Co.
, 298 Ill. App. 3d 306, 311 (1998).  In 
Marcheschi
, an insured sued his automobile insurer for attorney fees and other amounts for vexatious and unreasonable refusal to settle.  We held, regarding the award of attorney fees under section 155, that considerable deference should be given to the judgment and discretion of the court. 
 Marcheschi
, 298 Ill. App. 3d at 315.  We emphasized that the trial court clearly has discretion, after a review of the totality of the circumstances, to determine what if any amount of attorney fees is appropriate. 
 Marcheschi
, 298 Ill. App. 3d at 314.

A fee petition should include records containing facts and computations upon which the charges are based and specify the services provided, by whom, as well as the time expended and the hourly rate charged. 
 Harris Trust & Savings Bank v. American National Bank & Trust Co. of Chicago
, 230 Ill. App. 3d 591 (1992).  In 
Harris
, plaintiff sought attorney fees in the context of an action to foreclose on a mortgage and recover principal and interest on notes and guarantees.  The trial court following a hearing granted the plaintiff’s petition for attorney fees in the amount of      $20,459.85.  The defendants on appeal argued that the fee petition did not support the award of attorney fees, the trial court failed to make proper evidentiary rulings on the reasonableness of the fee petition and the trial court abused its discretion.  
Harris
, 230 Ill. App. 3d at 595.  In affirming the fee award we held as follows:

“Harris Bank’s fee petition, accompanied by detailed records maintained during the course of the litigation, provides a full and particular account of all work completed on the matter, including a concise explanation of the nature of the task and parties involved, the attorneys working on the matter, the amount of time expended, and the hourly rate charged.”  
Harris
, 230 Ill. App. 3d at 596.

We are mindful that a petition for attorney fees must specify not only the services performed and who performed those services, but also should indicate the time involved and the hourly charge.  
Kaiser v. MEPC American Properties, Inc.
, 164 Ill. App. 3d 978, 984 (1987), citing 
Fiorito v. Jones
, 72 Ill. 2d 73 (1978).  Defendant, relying on 
Kaiser
, challenges the trial court’s award of attorney fees.  
Kaiser
 addressed the specificity of billing explanations required by an attorney seeking fees. 
Kaiser
, 164 Ill. App. 3d at 983. 
 Kaiser
 found the descriptions of the attorney’s time to be insufficient.  The 
Kaiser
 court ruled that without detailed information regarding the time spent on the legal tasks, who performed the legal work, how the work performed related to the litigation and whether the work was required it was impossible to find that the fees were reasonable.  
Kaiser
, 164 Ill. App. 3d at 986.

Here, unlike 
Kaiser
, the plaintiff provided detailed time sheets describing the work performed.  Unlike 
Kaiser
, plaintiff did not aggregate his hours of work.  In 
Kaiser
, contemporaneous time records and time slips were lost.  In this case, such records were provided to the court.  In 
Kaiser
, there were no detailed time records relating to the fees.  In the instant case, plaintiff provided time records detailing the activity performed, the date of the activity, and the time spent on each activity.  Here, plaintiff provided a full and particular account of all work completed on the matter including a concise explanation of the nature of the task, the parties involved, the attorney working on the matter, the amount of time expended and the hourly rate charged.  Applying the requirements articulated in 
Kaiser
, we find plaintiff provided sufficient documentation to the trial court in support of the fee petition.

The additional cases relied upon by defendant in support of the argument that the fee award should be reversed are distinguishable.  In 
Mercado v. Calumet Federal Savings & Loan Ass’n
, 196 Ill. App. 3d 483 (1990), the attorney provided summaries of work and undated items on the bill.  He also indicated that he no longer had the original time records.  
Mercado
, 196 Ill. App. 3d at 494.  We found that the bill did not contain “detailed records maintained during the course of the litigation.” 
Mercado
, 196 Ill. App. 3d at 494.  The time records submitted by plaintiff in this case detailed the activity performed, the date of the activity, who performed the activity and the time spent on each activity.

In 
Mars v. Priester
, 205 Ill. App. 3d 1060 (1990), monthly computations of time were provided by the attorney seeking fees.  We concluded that the plaintiff “cannot be permitted to aggregate all the work performed within a given month into a single hourly total for that month.”  
Mars
, 205 Ill. App. 3d at 1065.  Here, plaintiff did not aggregate all of the work into a single hourly total for a monthly computation; rather, plaintiff detailed daily the time expended on the work performed.

In 
Fiorito v. Jones
, 72 Ill. 2d 73 (1978), the attorneys provided total hours expended but did not provide time sheets or affidavits.  They failed to provide evidence as to how the time was spent or who performed the work.  We concluded that we lacked sufficient evidence as to how or upon what basis or standard the requested fee was computed.  
Fiorito
, 72 Ill. 2d at 96.  Here, the plaintiff provided an affidavit detailing his expertise and hourly rate.  Unlike 
Fiorito
, the plaintiff in this case also provided time records indicating how the time was spent and who performed the work.

In re Marriage of Broday
, 256 Ill. App. 3d 699 (1993), is also distinguishable.  In 
Broday
, the attorney provided a “summary of services” and we found that the attorney failed to provide the trial court with a specific account of time expended.  
Broday
, 256 Ill. App. 3d at 707.  Unlike 
Broday
, here, plaintiff provided details of the time expended, who expended the time, as well as a list of the services rendered, not a “summary of services.”

The trial judge’s familiarity with the litigation allows him or her to independently evaluate the necessity and reasonableness of the legal services rendered.  
Wildman, Harrold, Allen & Dixon v. Gaylord
, 317 Ill. App. 3d 590, 595 (2000).  We note in this case the same trial judge presided over the case throughout the course of the litigation.  That relationship to the case placed her in a superior position to determine whether the fees were reasonable.

The trial court may rely on its own knowledge and experience to determine whether the hours claimed and work performed are reasonable.  
Heller Financial, Inc. v. Johns-Byrne Co.
, 264 Ill. App. 3d 681 (1994).  In making that assessment, the record reflects that the trial judge had for consideration the affidavit from plaintiff’s attorney, which reflected the nature and extent of his expertise in this area.  With that information the trial judge was assisted in determining whether the hours claimed and the work performed were reasonable.  

The record indicates that Arthur Levinson, plaintiff’s attorney, has been licensed to practice law in the State of Illinois since 1981.  He is also licensed in other states.  He has represented clients in uninsured motorist litigation, chancery actions and appeals since 1981.  He has litigated to completion hundreds of uninsured motorist claims, dozens of chancery actions, and numerous appeals.  His customary fee for trial and appellate work was not contested by opposing counsel.  Mr. Levinson is a sole practitioner and limits the number of clients he represents at any given time.

We are mindful that the court must consider several factors when determining whether the fees are reasonable, including: the time and labor required, the novelty and difficulty of the issues, the skill required, the preclusion of other employment necessary to accept the case, the customary fee charged in the community, the amount of money involved in the case, the results obtained, and the attorney’s reputation, experience and ability.  
Verbaere v. Life Investors Insurance Company of America
, 226 Ill. App. 3d 289 (1992).  The court should also consider whether there is a reasonable connection between the fees and the amount involved in the litigation.  
In re Estate of Healy
, 137 Ill. App. 3d 406 (1985). 

Mr. Levinson’s rates are well within the customary fee charged in the Chicago area for this type of case.   That rate was not contested by defense counsel.  Mr. Levinson has been practicing law since 1981.  Uninsured motorist litigation is one of his specialities.  As a sole practitioner who limits the number of clients he represents, he was precluded from representing other clients because of his work in this case.  Plaintiff recovered the policy limit in the underlying case, and as such Mr. Levinson obtained the best possible result for plaintiff under the policy.

The purpose of section 155 is to discourage the insurer from using its superior financial position to profit at the insured’s expense. 
 Valdovinos v. Gallant Insurance Co.
, 314 Ill. App. 3d 1018, 1022 (2000).  Section 155 is of particular importance in the context of small cases where vexatious, unreasonable delay can have devastating financial results.  Section 155 is intended to prevent insurers from profiting by their superior financial position by delaying payment of legitimate contractual obligations.  
Hall v. Svea Mutual Insurance Co.
, 143 Ill. App. 3d 809 (1986).  Applying section 155, the court has the discretion to grant as part of the taxable costs in the action reasonable attorney fees, other costs, plus penalties.  215 ILCS 5/155 (West 2000).  Section 155 indicates that for a delay in settling a claim where “it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees.”  215 ILCS 5/155 (West 2000).

We have indicated that in resolving allegations of vexatious and unreasonable conduct the totality of the circumstances must be considered.  
Marcheschi v. Illinois Farmers Insurance Co.
, 298 Ill. App. 3d 306 (1998).  The court should consider “the insurer’s attitude, whether the insured was forced to file suit to recover, and whether the insured was deprived of the use of its property.” 
 Mobile Oil Corp. v. Maryland Casualty Co.
, 288 Ill. App. 3d 743, 752 (1997).  If the insurer vexatiously delays or rejects legitimate claims, it must bear the expense resulting from the insured’s efforts to prosecute the claim, including reasonable attorney fees.  
Verbaere v. Life Investors Insurance Company of America
, 226 Ill. App. 3d 289 (1992).

Keeping these principles in mind, we affirm the trial court.  Based on the record, we conclude that the plaintiff sustained its burden of proof.  The record satisfies the standards articulated in 
Kaiser
 and previously discussed for purposes of awarding attorney fees.  The trial court found that Universal’s conduct was vexatious and unreasonable.  The trial court did not abuse its discretion in granting plaintiff’s fee petition pursuant to section 155.  

Affirmed. 

O’BRIEN, P.J., and GALLAGHER, J., concur.