KENNETH M. NEIMAN, Indiv. and as Assignee of Erwin B. Neiman, *et al.*, Plaintiffs-Appellants, v. ECONOMY PREFERRED INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—04—0774

Opinion filed May 20, 2005.—Rehearing denied June 20, 2005.

Kenneth M. Neiman, of Deerfield, appellant *pro se.*

Arthur H. Levinson, of Chicago, for appellant Janice K. Neiman.

Condon & Cook, L.L.C., of Chicago (Mark B. Ruda and Guy M. Conti, of counsel), for appellees.

JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Plaintiffs Kenneth M. Neiman, individually and as assignee of Erwin B. Neiman, and Janice K. Neiman (plaintiffs or as named) originally filed suit against defendant Economy Preferred Insurance Company (defendant) for breach of contract and bad faith in failing to pay a claim. Arbitration resulted in plaintiffs' favor and defendant paid the award in full some months later. Plaintiffs again sued defendant, alleging bad faith for failing to pay a claim. They amended their complaint to include defendant's affiliates: Economy Premiere Assurance Company, St. Paul Fire & Marine Insurance Company of Illinois, Economy Fire & Casualty Company, and Metropolitan Property and Casualty Insurance Company, individually and d/b/a The St. Paul and The Economy Companies (affiliates). Defendant and its affiliates filed a joint motion to dismiss; the trial court granted this motion in

part, dismissing the affiliates but retaining the suit against defendant. Defendant then filed a motion for summary judgment, and plaintiffs filed a cross-motion for the same. The court granted defendant's motion and denied plaintiffs' motion. Plaintiffs appeal, asserting several contentions for review. Plaintiffs ask that we reverse the entry of summary judgment in defendant's favor, vacate the order dismissing the affiliates, disqualify a certain law firm and remand this cause for trial before trial court Judge Susan Zwick. For the following reasons, we affirm.

## BACKGROUND

Plaintiffs obtained an insurance policy from defendant to insure a dwelling and its contents located in Deerfield, Illinois. On July 23, 1999, rain water caused damage on the insured property, leading plaintiffs to make a claim under the policy. Over the next months, defendant made partial payments of the insured amount. Plaintiffs, with Kenneth Neiman proceeding *pro se* and Erwin Neiman representing himself as well as Janice Neiman, filed suit against defendant asserting breach of contract and damages in the amount of $8,740, the remaining balance under the policy; plaintiffs also sought damages under section 155 of the Illinois Insurance Code (Code) (215 ILCS 5/155 (West 2000)) for delayed payment. The cause was set for mandatory arbitration. On June 12, 2001, arbitrators unanimously held for plaintiffs on the breach of contract count, awarding them $8,740 plus costs, and for defendant with respect to the section 155 damages count. Neither party rejected the award.

Judgment on this award was entered on August 3, 2001. Defendant's counsel was to appear on this date with a check for plaintiffs in the amount of the judgment, but did not. Plaintiffs filed a citation to discover assets against defendant. On September 6, 2001, defendant received a copy of plaintiff's demand for payment. On September 11, 2001, plaintiffs filed another suit against defendant, asserting violations of section 155 of the Code due to its "bad faith and vexatious delay" in payment on the August 3, 2001, judgment, with each plaintiff seeking $25,000 in damages.

In a letter dated September 17, 2001, defendant asked plaintiffs for Erwin Neiman's tax identification number or a waiver of attorney lien; defendant stated that it needed this number or a waiver pursuant to federal tax laws before it could issue a check for the August 3, 2001, judgment to plaintiffs, since Erwin Neiman had acted as counsel for Janice Neiman in the underlying insurance suit. A letter dated October 29, 2001, from defendant to plaintiffs referred to an October 23, 2001, telephone conversation between the parties wherein

plaintiffs refused to provide defendant with Erwin Neiman's tax identification number or a waiver of lien. Defendant informed plaintiffs that it would use Erwin Neiman's social security number instead, as obtained from a prior deposition taken during the underlying suit, and was preparing a draft to pay the August 3, 2001, judgment, including costs incurred by plaintiffs and interest. On October 20, 2001, defendant paid plaintiffs $8,938.72, leaving a balance of $288, which defendant paid on November 13, 2001, thereby satisfying the August 3, 2001, judgment in full. The next day, plaintiffs signed a full satisfaction of payment and release.

In May 2002, plaintiffs filed an amended complaint against defendant, adding defendant's affiliates and reasserting violations of section 155 of the Code. Defendant and its affiliates filed a joint motion to dismiss, and a hearing on this motion was commenced before trial court Judge Susan Zwick. During the hearing, it was discovered that defendant had failed to properly file and serve plaintiffs, and the hearing was adjourned. When the hearing was reconvened, defendant filed a motion to substitute judge as of right, and Judge Zwick granted this motion. The case was reassigned to trial Judge Michael Hogan, who then granted the joint motion in part (dismissing the cause with prejudice as to the affiliates because they were not parties to the underlying August 3, 2001, judgment) and denied it in part (retaining defendant as part of the cause).

Later, defendant filed an emergency motion for summary judgment, and plaintiffs filed a cross-motion for summary judgment. Following a hearing on these motions, trial Judge Donald Devlin granted defendant's motion and denied plaintiff's cross-motion. In so holding, Judge Devlin reviewed section 155 of the Code and stated that its plain language applied to a delay in the settlement of a claim where the issue of liability has yet to be resolved, not to a delay in the payment of a judgment where liability has already been determined—the latter of which was the situation in the instant cause. Thus, Judge Devlin concluded that section 155 was not operational here and, since this Code violation was the only basis of plaintiffs' complaint, summary judgment in favor of defendant was warranted.

## ANALYSIS

Plaintiffs propound several contentions for review on appeal. Their primary arguments cite error on the part of Judge Hogan's order dismissing the affiliates from this suit and Judge Devlin's order granting defendant's motion for summary judgment. Plaintiffs make further allegations of error regarding Judge Zwick's order permitting defendant to substitute judges after hearing on its motion to dismiss

had begun, and an order by trial Judge Claudia Conlon denying plaintiff's motion to disqualify the law firm of Condon & Cook. Plaintiffs seek appellate relief on all these allegations of error.

■ For its part, defendant at the outset makes two procedural threshold arguments. First, defendant urges us to disregard plaintiffs' appellate brief in its entirety and affirm the judgment below due to plaintiffs' "flagrant disregard" for Illinois Supreme Court Rule 341(e) (188 Ill. 2d R. 341(e)). Specifically, defendant notes that plaintiffs did not include a summary statement of their points and authority (Rule 341(e)(1)), an introductory paragraph stating the nature of the action and judgment appealed from .(Rule 341(e)(2)), a statement of the issues for review (Rule 341(e)(3)), the provision verbatim of section 155 involved herein (Rule 341(e)(5)), or an appendix as required by Rule 342 (Rule 341(e)(9)). It is true that plaintiffs did not include some of these items in separately labeled sections of their appellate brief; plaintiffs also failed to provide us with any sort of appendix to the record on review in their initial brief on appeal. However, they did include a page entitled "Points and Authorities," listing statutory and case law citations. Moreover, in reading their brief, we note that the judgments appealed from, the issues they present and the involvement of section 155 in this cause are, for the most part, apparent and clear. While we do not condone disregard for Rule 341(e), we choose in our discretion to review the instant cause despite plaintiff's formulaic failures. See, *e.g.*, *Hubbartt v. Frank*, 36 Ill. App. 3d 529, 532 (1976) (reviewing court may choose to waive strict compliance with Rule 341 upon its discretion).

■ However, we find that defendant's second threshold argument here is valid. That is, defendant alternatively argues that the only two viable issues for our review are plaintiff's citations of error regarding Judges Hogan's and Devlin's orders, not Judge Zwick's order allowing for substitution of judge or Judge Conlon's refusal to disqualify the law firm of Condon & Cook. Defendant asserts that this is correct because plaintiffs in their notice of appeal referred only to the former two orders and did not mention the latter two orders. We agree.

Pursuant to Supreme Court Rule 303(b)(2) (155 Ill. 2d R. 303(b)(2)), when an appeal is taken from a specified judgment, the appellate court acquires no jurisdiction to review other judgments or parts of judgments not specified or inferred from the notice of appeal. See, *e.g.*, *In re J.P.*, 331 Ill. App. 3d 220, 234 (2002). The exception to this rule is when a nonspecified judgment can be said to have been a " 'step in the procedural progression leading' " to the judgment specified in the notice of appeal; in that instance, a nonspecified judgment may be reviewed because it can be said to relate back to the judgment

specified in the notice of appeal. See *In re D.R.*, 354 Ill. App. 3d 468, 472 (2004), quoting *In re F.S.*, 347 Ill. App. 3d 55, 69 (2004), quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979).

In the instant cause, while plaintiffs stated in their notice of appeal that they wished to appeal from "any and all orders" entered in the cause, they specified that they were appealing from "the judgment entered by the Honorable Donald M. Delvin [*sic*] on March 18, 2004 granting Summary Judgment in favor of Defendant and against plaintiffs and denying Plaintiffs' Motion for Summary Judgment and the Dismissal Order entered by the Honorable Michael J. Hogan on June 16, 2003." Plaintiffs then declared that they were requesting the reviewing court to "reverse both judgments of March 18, 2004 and June 16, 2003 and remand this cause to the Trial Court." Clearly, plaintiffs explicitly specified that they were taking this appeal from Judges Devlin's and Hogan's orders, and failed to specify Judges Zwick's and Conlon's orders, which they now argue in their appellate brief. According to Rule 303(b)(2), we do not have jurisdiction to review arguments on these latter two orders. Moreover, it cannot be said that these comprise steps in the procedural progression leading to Judges Devlin's and Hogan's orders specified in the notice of appeal, as the substitution of judge and refusal to disqualify have no inherent relationship to the dismissal of the affiliates or the grant of summary judgment. They are merely ancillary orders of a procedural nature which have no impact upon the latter substantive orders. Therefore, we will review plaintiffs' citations of error with respect to only the orders of Judges Devlin and Hogan, and not those of Judges Zwick and Conlon.

■ Turning now to substantive matters, we focus first on Judge Hogan's order dismissing defendant's affiliates from the instant cause. Plaintiffs frame their contention as an error on Judge Hogan's part in finding that the affiliates were not parties to the contract-insurance policy "regardless of whether or not the contract was ambiguous or unambiguous." Essentially, plaintiffs argue that each of the affiliates was properly joined because each was jointly and severally liable for the following reasons: Economy Premiere Assurance Company's name is stated on the insurance policy, St. Paul Fire & Marine Insurance Company of Illinois is named on the check that paid the underlying judgment and did not provide any evidence to disprove that it was not liable under the policy, Economy Fire & Casualty Company and The St. Paul are named on the policy and on the check that paid the underlying judgment, and Metropolitan Property and Casualty Insurance Company acquired the assets of defendant. Plaintiffs claim that because of this, these "parties" should not have been dismissed and Judge Hogan's order should be reversed.

However, Judge Hogan granted the affiliates' (joint) motion to dismiss based on section 2—615 of the Code of Civil Procedure (see 735 ILCS 5/2—615 (West 2000)), noting that plaintiffs' complaint was not legally sufficient with respect to the allegations against the affiliates. Accordingly, he found that plaintiffs were not entitled to relief from the affiliates because the facts alleged, namely, that the affiliates were liable to plaintiffs under the insurance policy and, thus, could be liable under the Code for a vexatious delay in payment, failed to support this cause of action under section 155. See *Romanek v. Connelly*, 324 Ill. App. 3d 393, 398-99 (2001) (discussing the questions raised by a section 2—615 motion to dismiss). It is precisely in these circumstances, *i.e.*, when the facts alleged fail to support a cause of action, that a section 2—615 motion to dismiss should be granted. See *Romanek*, 324 Ill. App. 3d at 398.

Noting that plaintiffs provide us with absolutely no law regarding their argument on review here, we find no error on the part of Judge Hogan in dismissing the affiliates from this cause of action. Although plaintiffs filed an amended complaint in the section 155 suit to name the affiliates, it cannot be denied that plaintiffs sought and obtained the underlying judgment against defendant only. That is, the entire insurance case as instigated by plaintiffs and carried through by them until the August 3, 2001, judgment was only asserted against defendant—plaintiffs never once mentioned the affiliates. It is this underlying suit and judgment that was the singular basis for the instant cause alleging section 155 violations. Having never brought a claim against the affiliates in the underlying suit and having recovered a judgment in that suit against only one defendant, plaintiffs cannot later seek to hold others liable for what happened ancillary to that judgment (*i.e.*, a delayed payment of the judgment). Indeed, the consequence for a plaintiff's failure to name a party of record is the dismissal of the plaintiff's complaint against that party. See *Rhoads v. Board of Trustees of the City of Calumet City Policemen's Pension Fund*, 348 Ill. App. 3d 835, 840 (2004). Accordingly, since the affiliates were never part of the underlying claim or judgment, Judge Hogan's order dismissing them from the subsequent instant suit alleging vexatious conduct in the payment of that judgment was proper.

Finally, we turn to plaintiffs' last substantive argument on review, focusing on Judge Devlin's order granting summary judgment in favor of defendant on the instant section 155 cause of action. Relying principally on *Estate of Price v. Universal Casualty Co.*, 322 Ill. App. 3d 514 (2001), plaintiffs contend that this ruling was improper because their complaint specifically and sufficiently stated a claim for relief under section 155 based on defendant's bad faith and vexatious

conduct in delaying payment of the August 3, 2001, judgment. Plaintiffs assert that defendant delayed several months in paying out on the judgment without a true or reasonable excuse, when defendant did pay it did not do so in the full amount at one time, and plaintiffs were forced to file suit before defendant paid the balance. For its part, defendant contends that Judge Devlin's order was proper because section 155's plain language demonstrates that it does not apply to the instant circumstances and, thus, plaintiffs could not recover thereunder. We agree with defendant.

Summary judgment is proper when the pleadings, affidavits, depositions and admissions of record, construed strictly against the moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001); accord *Purtill v. Hess*, 111 Ill. 2d 229, 240-44 (1986); *Zakoff v. Chicago Transit Authority*, 336 Ill. App. 3d 415, 420 (2002). While this relief has been called a "drastic measure," it is an appropriate tool to employ in the expeditious disposition of a lawsuit in which " 'the right of the moving party is clear and free from doubt.' " *Morris*, 197 Ill. 2d at 35, quoting *Purtill*, 111 Ill. 2d at 240. Appellate review of a trial court's grant of summary judgment is *de novo* (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992); *Zakoff*, 336 Ill. App. 3d at 420), and reversal will occur only if we find that a genuine issue of material fact exists (see *Addison v. Whittenberg*, 124 Ill. 2d 287, 294 (1988)).

The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. See *Carroll v. Paddock*, 199 Ill. 2d 16, 22 (2002); accord *Country Mutual Insurance Co. v. Teachers Insurance Co.*, 195 Ill. 2d 322, 330 (2001). The best indication of this intent and meaning, and the first factor to which we turn, is the language of the statute itself. See *Metzger v. DaRosa*, 209 Ill. 2d 30, 34-35 (2004); accord *Premier Property Management, Inc. v. Chavez*, 191 Ill. 2d 101, 119 (2000). Where the statutory language is plain, ordinary and unambiguous, we are bound to enforce the law as written and may not resort to other tools of statutory construction. See *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421-22 (2002); accord *Premier Property*, 191 Ill. 2d at 119.

■ Section 155 of the Code states, in pertinent part:

"In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as

part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $25,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." 215 ILCS 5/155 (West 2000).

The language of this section is entirely plain to us. It directs that in a cause of action where there remains *"in issue"* either the liability of a company on an insurance policy or the amount of loss to be paid under a policy or an unreasonable delay in *"settling* a *claim,"* a court may award a monetary remedy to an insured, as described in subsection (a), (b) or (c). (Emphasis added.) 215 ILCS 5/155 (West 2000). Plaintiffs assert that they had a right to relief under this statutory section against defendant. However, upon review of this language, they are incorrect.

■ Judge Devlin noted flatly that section 155 did not apply in the instant case, and we concur, for several reasons. The statute begins by stating that it applies to those insurance cases where one of three issues remains undecided: the liability of the insurer, the amount owed under the policy, or whether a delay in settling a claim has been unreasonable. The first two clearly do not apply here. The underlying judgment entered on August 3, 2001—long before plaintiffs filed the section 155 suit—already found that defendant, as the insurer, was liable under the policy to plaintiffs in the amount remaining thereunder: $8,740 plus costs.

Thus, the only avenue by which section 155 may have been applicable in the instant circumstances is by the third option under the statute of "an unreasonable delay in settling a claim." 215 ILCS 5/155 (West 2000). Plaintiffs assert that this clearly was the situation present before Judge Devlin; it was not. While there may have been some delay in defendant's payment of its full liability under the policy, and while there could be a question as to whether this delay was unreasonable, this is irrelevant when the statutory phrase is read as a whole. That is, plaintiffs fail to comprehend that in order for this portion of the statute to be operational, there must have been an unreasonable delay in the *"settling of a claim."* The record in the instant case demonstrates that the procedural history of the underlying cause was well beyond the point of a claim, or even of a settlement, when plaintiffs filed the section 155 suit. In fact, a judgment had already

been entered on the underlying suit—on August 3, 2001, for a sum certain. Defendant paid this sum by November 13, 2001, and the next day, plaintiff signed a full satisfaction and release form, thereby releasing defendant from any further payment or liability under their policy claim. Accordingly, a "claim" was no longer in existence, as necessitated by the statute, but, rather, a judgment had been instituted, foreclosing any remaining issues with respect to the underlying cause.

Plaintiffs argue that a "claim" and a "judgment" refer to the same concept and, thus, defendant's failure to pay the judgment until November 2001 fits within the meaning of section 155's language. This is wholly mistaken. The plain and ordinary meanings of the words "claim" and "judgment" clearly show that they are not one in the same, particularly in legal terms. See *In re Detention of Bailey*, 317 Ill. App. 3d 1072, 1085 (2000) (dictionary definitions may be employed to find meaning of statutory words for construction purposes). The term "claim" is defined as "[a] cause of action" and, more aptly for our purposes, a "[d]emand for money or property as of right, *e.g.* insurance claim." Black's Law Dictionary 247 (6th ed. 1990). Meanwhile, the term "judgment" has a more finite and definitive connotation: "The official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated ***. The final decision of the court resolving the dispute and determining the rights and obligations of the parties." Black's Law Dictionary 841-42 (6th ed. 1990). A judgment, which is outcome determinative, is *entered upon* a claim, which is an open contest of assertions in need of a final resolution. Applying these plain definitions to section 155, it is clear to us that the legislature intended that section to take effect when there is an unreasonable delay in the "settling of a claim"; that is, in reaching a conclusion to the demand or cause of action instigated under the policy. In contrast, as already noted, the arbitrators had entered judgment on the underlying action before plaintiffs pursued the section 155 suit and defendant had made full payment upon the claim, which was the sole basis of the section 155 suit. Thus, a "claim" no longer existed, and "settling" had long given way to full payment and satisfaction. Therefore, section 155 does not apply here.

*Price* is of no support to plaintiffs, as it is inapposite to the instant case. In *Price*, the plaintiff's decedent was in a car accident and reported the claim to the defendant-insurer. The case was scheduled for arbitration, but the defendant refused to participate and filed a move to stay. The arbitrator found in favor of the plaintiff and ordered the defendant to pay $20,000 plus costs and interest under the policy. The defendant refused to pay this amount and offered to settle for a

lesser amount. The plaintiff demanded payment and, eventually, the defendant paid a portion but refused to pay interest on the award. The plaintiff filed a complaint to confirm the arbitration award and for section 155 damages. The trial court confirmed the award and ordered the defendant to pay the remaining balance, but directed a finding for the defendant on the section 155 count. The reviewing court reversed this latter portion of the judgment and remanded the cause for a hearing on the section 155 count based upon questions it found with respect to the defendant's conduct throughout the litigation. See *Price*, 322 Ill. App. 3d at 520-21.

The difference between *Price* and the instant case lies in their procedural progression. The defendant in *Price* had been consistently, as Judge Devlin here noted, "horsing around with settling" the claim; the defendant had refused to participate in arbitration, refused to pay the arbitration award (and offered to settle only at a lesser amount), and then refused to pay interest. After these refusals, the plaintiff filed a complaint with two counts: to confirm the arbitration and thereby enter a formal judgment against the defendant, and to recover section 155 damages. Thus, the section 155 allegations went hand-in-hand with a demand for judgment against the defendant in the amount of the arbitrator's award—a judgment that had yet to be declared. This situation, then, amounted to a delay in the settlement of a claim where the issue of liability had yet to be resolved. Because issues were still open, section 155 was applicable and remand was appropriate for a determination in this regard. See, *e.g.*, *Price*, 332 Ill. App. 3d 514.

In contrast, in the instant case, a judgment had been entered pursuant to plaintiffs' claims under the policy on August 3, 2001. Defendant never refused to pay out under the policy; rather, the evidence demonstrates that it offered to pay but could not do so until it received Erwin Neiman's tax identification number. When defendant realized it could pay out using his social security number instead, it did so, in full satisfaction of the judgment. Plaintiffs accepted this payment and released defendant. It was only later that plaintiffs pursued a separate and single-count complaint against defendant for section 155 damages—after judgment had been entered and after payment and satisfaction of it had been completed. This situation, then, comprised a "delay" in the payment of a judgment where the issue of liability had already been determined. As noted above, in such an instance, section 155 does not apply.

The difference may be subtle, but upon review of section 155's precise and unambiguous language, this difference is exacting. As Judge Devlin noted, the statute addresses concerns with insurance companies and their behavior before an insurance claim even gets to

court. As he explained, the legislature sought to warn these companies that if they "horse around" in settling a claim, then, when the parties actually go to court, the insured would be able to sue the insurer for damages and collect amounts for the insurer's unreasonable and vexatious delay in the settlement process. This is in line with the rationale expressed by the *Price* court when that case was reviewed again after remand was completed. See *Estate of Price v. Universal Casualty Co.*; 334 Ill. App. 3d 1010 (2002). As we noted, *Price* was remanded for a determination as to whether the defendant-insurer's conduct in refusing to arbitrate and settle the claim was vexatious. The trial court concluded that it was, and the reviewing court agreed. See *Price*, 334 Ill. App. 3d at 1016-17. In so holding, that court made clear that section 155's language applied to those situations in which the insurer vexatiously delays or rejects legitimate *claims*; this section of the Code was meant to hold insurers responsible for the "expense resulting from the insured's efforts to *prosecute* the *claim*," and to discourage them from using their "superior financial position by *delaying payment* of legitimate contractual obligations" in an effort to profit at the insured's expense. (Emphasis added.) *Price*, 334 Ill. App. 3d at 1016.

Again, in the instant case, plaintiffs had prosecuted and completed their claim to judgment and defendant had already paid that judgment before proceeding on their section 155 claim. The language of section 155 says "an unreasonable delay in settling a claim," not "an unreasonable delay in paying a judgment." There are other procedures in our body of law and government specifically aimed at collecting on judgments; section 155 of the Code is not one of them. Rather, this section focuses on actions *prejudgment*. See, *e.g.*, *Price*, 334 Ill. App. 3d 1010. If the legislature had intended otherwise, as plaintiffs argue, it would have inserted the words "or in paying a judgment," or some similar sentiment, after the existing phrase "in settling a claim," which is the only clause to follow "an unreasonable delay." It did not, and, accordingly, we will not interpret section 155 in that manner.

## CONCLUSION

For the foregoing reasons, we affirm both trial Judge Hogan's order dismissing the affiliates with prejudice from the instant cause and trial Judge Devlin's order granting summary judgment in favor of defendant.

Affirmed.

McNULTY and O'MARA FROSSARD, JJ., concur.