# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Taliani v. Herrmann*, 2011 IL App (3d) 090138

---

| | |
|---|---|
| Appellate Court Caption | STEVEN A TALIANI, Plaintiff-Appellee and Cross-Appellant, v. PATRICK J. HERRMANN, as State's Attorney for Bureau County, Illinois, Defendant-Appellant and Cross-Appellee. |
| District & No. | Third District<br>Docket No. 3-09-0138 |
| Filed | August 19, 2011 |
| Rehearing denied | September 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An order awarding plaintiff attorney fees for the work performed by his counsel in obtaining grand jury transcripts from defendant's 1994 criminal trial pursuant to the Freedom of Information Act was reversed on the ground that the Act is not the proper vehicle for obtaining grand jury transcripts. |
| Decision Under Review | Appeal from the Circuit Court of Bureau County, No. 07-MR-30; the Hon. Eugene P. Daugherity, Judge, presiding. |
| Judgment | Reversed and vacated in part. |

Counsel on Appeal

Patrick J. Herrmann (argued), State's Attorney, of Princeton, for appellant.

Robert L. Caplan (argued), of Clarendon Hills, for appellee.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Justice Lytton dissented, with opinion.

## OPINION

¶ 1    In an action under the Illinois Freedom of Information Act (the Act) (5 ILCS 140/1 *et seq.* (West 2008)), the trial court ordered the defendant, Patrick J. Herrmann, in his capacity as Bureau County State's Attorney, to provide the plaintiff, Steven A. Taliani, with transcripts of grand jury proceedings from Taliani's 1994 criminal case. Taliani then petitioned for an award of attorney fees pursuant to the Act. The petition included a request for fees for time spent by Taliani's attorney to prepare and argue the fee petition (commonly called "fees on fees"). The trial court awarded Taliani attorney fees in an amount less than he requested and denied his request for fees on fees. Herrmann appeals the award of attorney fees; Taliani cross-appeals the denial of his petition for fees on fees. We reverse and vacate the order granting Taliani attorney fees.

¶ 2                                      FACTS

¶ 3    Taliani is currently serving a 70-year sentence for murder and a 30-year sentence for aggravated battery with a firearm, both from convictions in 1994. In June 2007, he filed a *pro se* complaint for declaratory and injunctive relief under the Act. In his complaint, Taliani alleged that the Bureau County circuit court clerk denied his request for "a copy of Grand Jury Transcripts from the case of *People v. Taliani*, Case No. 94-CF-37." Taliani also stated that pursuant to section 10 of the Act (5 ILCS 140/10 (West 2008)), he appealed the clerk's denial to Herrmann. In response, Herrmann sent Taliani a letter which stated, in part, "That Grand Jury Transcript was provided to your attorney prior to trial. You should contact him to receive a Grand Jury Transcript if you do not have it."

¶ 4    Taliani then wrote a letter to his criminal trial lawyer asking for the grand jury transcripts. In a responsive pleading, Taliani stated that his criminal trial attorney failed to respond to his request for the transcripts. Subsequently, Herrmann sent Taliani a letter stating that he was denying Taliani's freedom of information request "[b]ecause the proceedings of the Grand Jury are conducted in secrecy, matters other than deliberations and the vote cannot be

disclosed by the State's Attorney with only limited exceptions. The dissemination of Grand Jury proceedings is covered by 725 ILCS 5/112-6."

¶ 5        Robert Caplan entered his appearance as Taliani's counsel in the matter; Taliani filed a two-count amended complaint. In count II, Taliani named Herrmann, in his official capacity as Bureau County State's Attorney, as the defendant. Taliani asserted that Herrmann denied his request for the grand jury transcripts and attached the letter from Herrmann.

¶ 6        Herrmann filed a motion to dismiss count II of Herrmann's complaint. Taliani filed a response to Herrmann's motion and then a motion for judgment on the pleadings. The court denied Herrmann's motion to dismiss and granted Taliani's motion for judgment on the pleadings, ordering Herrmann to provide the grand jury transcripts to Taliani.

¶ 7        Taliani submitted a petition contending that under section 11(i) of the Act (5 ILCS 140/11(i) (West 2008)), he was entitled to attorney fees. In the petition, Taliani asserted that Caplan's hourly rate was $250. Taliani attached billing sheets from Caplan indicating that Caplan had worked on the matter for 85 hours and 8 minutes, for a total bill of $19,951.50. The billing sheets deducted $2,000 for work Caplan had done on count I of the complaint, for a final total request of $17,951.50.

¶ 8        The court held a hearing on Taliani's petition for attorney fees; at the beginning of the hearing, Taliani submitted a supplemental petition for attorney fees, seeking fees on fees for the time he spent preparing and litigating his original fee petition. Attorney Randolph Gordon testified as a witness for Taliani. Gordon opined that a $250 hourly rate was reasonable given Caplan's work on the case, his experience and what other judges in the circuit have approved as an hourly rate in civil cases. Caplan testified that a $250 hourly rate was reasonable based on his responsibility in the case, his many years of experience and the hourly rates for lawyers in civil matters in several of the surrounding counties.

¶ 9        At the conclusion of the hearing, the court reduced the total hours from 85.1 to 57.86. The court also reduced Caplan's hourly rate from $250 to $162.50, finding that $162.50 was a reasonable hourly rate in the area based on its experience. The court awarded Taliani fees of $9,361.62. The court refused to award Taliani any fees on fees requested in his supplemental petition.

¶ 10       Herrmann appeals the trial court's award of attorney fees to Taliani. Taliani cross-appeals the trial court's denial of the fees on fees.

¶ 11                                    ANALYSIS

¶ 12       The Act requires public bodies make "available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3(a) (West 2008). Public records are broadly defined under the Act. 5 ILCS 140/2(c) (West 2008). Section 7 of the Act exempts certain records from its reach, notably, "[i]formation specifically prohibited from disclosure by federal or State law." 5 ILCS 140/7(1)(a) (West 2008).

¶ 13       Section 112-6 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/100-1 *et seq.* (West 2008)) is a state law that prohibits the disclosure of grand jury transcripts

without a court order and thus exempts them from the Act. 725 ILCS 5/112-6 (West 2008). Herrmann would have violated state law had he provided Taliani the requested documents without a court order to do so. The Code indicates that grand jury proceedings are secret and only open to the "State's Attorney, his reporter and any other person authorized by the court or by law." 725 ILCS 5/112-6(a) (West 2008); *People v. DiVincenzo*, 183 Ill. 2d 239, 254 (1998); *People v. Sampson*, 406 Ill. App. 3d 1054, 1057 (2011). Taliani was only entitled to a copy of the grand jury transcripts pursuant to section 112-6(c)(3) of the Code. It states: "Disclosure otherwise prohibited by this Section of matters occurring before the Grand Jury may also be made when the court, preliminary to or in connection with a judicial proceeding, directs such in the interests of justice or when a law so directs." 725 ILCS 5/112-6(3)(c) (West 2008).

¶ 14     Taliani was only entitled to a copy of the grand jury transcripts pursuant to the Code and the Code does not allow him to recover his fees. It was error for the trial court to award fees to Taliani in this matter.

¶ 15     Contrary to the dissent's assertions, in both this court and the trial court, Herrmann argued that it was improper to award fees because a law other than the Act controlled his ability to disclose the transcripts to Taliani.[1] Thus, he raised an issue of law that this court reviews *de novo*. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 153 (2005). No doubt the Act's attorney fees provision is to dissuade public officials from refusing to disclose public records that the Act requires them to disclose. That is, the Act provides, in essence, that if a public official requires one to hire a lawyer and file suit to obtain that which should have been handed to him, the person who ultimately prevails in obtaining the records should be entitled to recover attorney fees. This commonsense provision promotes the purposes of the Act. On the other hand, it would be absurd to construe the statute to forbid a government body from disclosing certain records without a court order and then require it to pay the applicant's attorney fees in securing the court order.

---

[1]With all due respect, the dissent misconstrues both the record and the majority opinion. The effect of the trial court's order of August 8, 2008, was to order the turnover of the grand jury transcripts. Herrmann complied with that order and, therefore, it is a *fait accompli*. The issue of providing the records to Taliani is moot. Herrmann does not attack the August 8 order and we do not reverse that order. We discuss the basis of the pleadings because they are relevant to the January 22, 2009, order awarding attorney fees. In essence, the trial court got the right result on August 8 for the wrong reason. It was only with respect to the January order awarding fees that it became important that the trial court ordered the disclosure of the grand jury transcripts under the Act. That is, had the trial court denied the award of attorney fees, there would have been nothing for Herrmann to appeal. We do not raise an issue *sua sponte* as alleged by the dissent. Rather, we address an issue that Herrmann has raised from the beginning. Once Herrmann had a court order requiring the disclosure of the grand jury transcripts, except with respect to the attorney fees issue, it mattered not to him whether the order was issued pursuant to the Code, the Act, or any other statute. We address the propriety of the Act count now because it goes to the very heart of the attorney fees issue and the January 22, 2009, order which Herrmann appeals. Contrary to the dissent's assertion, this opinion reverses the January 2009 order awarding fees and only that order.

¶ 16    We hold that, as a matter of law, the Act is not the proper vehicle for obtaining grand jury transcripts. As Herrmann originally advised Taliani, disclosure of grand jury transcripts is governed by section 112-6(c)(3). 725 ILCS 5/112-6(c)(3) (West 2008). The order of the trial court awarding fees to Taliani is reversed. Given our resolution of this issue, we need not address Taliani's cross-appeal. Our holding that Taliani is not entitled to any fees renders the fees on fees issue moot.

¶ 17    For the foregoing reasons, the judgment of the circuit court of Bureau County is reversed and vacated with regard to the granting of attorney fees.

¶ 18    Reversed and vacated in part.

¶ 19    JUSTICE LYTTON, dissenting:

¶ 20    I dissent. The issue decided by the majority was never raised in the trial court or on appeal. The only issue on appeal was the attorney fees award. Thus, the order granting Taliani's Freedom of Information Act (FOIA) complaint is not at issue in this appeal. This court should be reviewing the only issue properly before it, which is the trial court's attorney fees award. I would affirm the trial court's award of attorney fees to Taliani but remand to determine the proper amount of fees, including fees on fees.

¶ 21                                                I

¶ 22    Illinois Supreme Court Rule 303(b)(2) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. June 4, 2008). Pursuant to Rule 303(b)(2), when an appeal is taken from a specified judgment, the appellate court acquires no jurisdiction to review other judgments or parts of judgments not specified or inferred from the notice of appeal. *Neiman v. Economy Preferred Insurance Co.*, 357 Ill. App. 3d 786, 790 (2005). Where a notice of appeal does not mention a specific order, the appellate court lacks jurisdiction to review that order. See *id.* at 791.

¶ 23    Issues not raised in the trial court are forfeited on appeal. *Rojas Concrete, Inc. v. Flood Testing Laboratories, Inc.*, 406 Ill. App. 3d 477, 482 (2010). Similarly, all arguments not raised in an opening appellate brief are forfeited. *Jordan v. Civil Service Comm'n*, 246 Ill. App. 3d 1047, 1048 (1993).

¶ 24    It is improper for courts of review to raise issues *sua sponte*. Our supreme court explained: "Illinois law is well settled that *** 'a reviewing court should not normally search the record for unargued and unbriefed reasons to reverse a trial court judgment.' " (Emphasis omitted.) *People v. Givens*, 237 Ill. 2d 311, 323 (2010) (quoting *Saldana v. Wirtz Cartage Co.*, 74 Ill. 2d 379, 386 (1978)). The United States Supreme Court has articulated the reasons for this policy:

        "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the

parties present. *** [A]s a general rule, '[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitled them to relief.' [Citation.] As cogently explained:

'[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties. Counsel almost always know a great deal more about their cases than we do.' [Citation.]" *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008).

¶ 25     Here, Taliani filed a FOIA request to obtain his grand jury transcripts. Herrmann denied Taliani's request with a letter stating:

"That Grand Jury Transcript was provided to your attorney prior to trial. You should contact him to receive a Grand Jury Transcript if you do not have it.

725 ILCS 5/12-6 prohibits any further disclosure of the Grand Jury Transcript to you or anyone else."

Herrmann never asserted that the transcripts were exempt from FOIA, as he was required to do upon denial of Taliani's FOIA request. See *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463-64 (2003) (when a public body receives a request for information under FOIA, it must comply with that request or provide written notice specifying the particular exemption, set forth in section 7 of FOIA, claimed to authorize the denial).

¶ 26     Taliani filed a complaint for declaratory judgment and injunctive relief, alleging that Herrmann violated FOIA. Herrmann filed a motion to dismiss the complaint, alleging that the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/112-6(b) (West 2008)) prohibited disclosure of Taliani's grand jury transcripts. Again, Herrmann never asserted that the transcripts were exempt from FOIA. Thereafter, Taliani filed a motion for judgment on the pleadings. On August 8, 2008, the trial court granted Taliani's motion and entered an order granting Taliani the relief he requested in his complaint. On January 22, 2009, the trial court entered an order granting Taliani attorney fees.

¶ 27                                    A. Notice of Appeal
¶ 28     Herrmann filed a notice of appeal, which provided:

"Patrick Herrmann *** hereby appeals the order *** entered on January 22, 2009 awarding attorney's fees in the amount of $9,361.62. The appellant seeks the reversal of the order entered January 22, 2009 awarding the attorney's fees to the plaintiff, appellee, Steven Taliani."

The notice of appeal made no reference to the trial court's August 8, 2008, order granting Taliani judgment on his FOIA complaint nor did it seek reversal of that order, which did not become appealable until the trial court ruled on the attorney fee request. See *Hamer v. Lentz*, 155 Ill. App. 3d 692, 695 (1987). Since the notice of appeal did not mention the August 8,

2008, order, we lack jurisdiction to consider it.[2]

¶ 29                                    B. Trial and Appeal Record

¶ 30        Additionally, it was improper for the majority to rule that FOIA was "not the proper vehicle for obtaining grand jury transcripts" because that issue was never raised by Herrmann in the trial court or on appeal. *Supra* ¶ 17. In the trial court, Herrmann argued that the Code did not authorize disclosure of the transcripts. He never argued that FOIA did not apply to Taliani's request for his grand jury transcripts or that the transcripts were exempt from disclosure under FOIA. Thus, Herrmann forfeited review of the trial court's decision that FOIA required disclosure of the transcripts. See *Rojas Concrete, Inc.*, 406 Ill. App. 3d at 482.

¶ 31        Furthermore, on appeal, Herrmann did not challenge the trial court's order granting Taliani's motion for judgment on the pleadings. The only "Issue[ ] Presented for Review" by Herrmann in his opening brief was "[w]hether the trial court erred in awarding attorney fees." Because the sole issue Herrmann presented to this court was the propriety of the attorney fees award, the trial court's decision granting judgment to Taliani in the FOIA action is not reviewable by this court. See *Jordan*, 246 Ill. App. 3d at 1048.

¶ 32        Here, the majority *sua sponte* raised the issue of whether Taliani's underlying FOIA complaint was proper. Because that issue was not raised by the parties in the trial court or on appeal, the majority should not have decided it. See *Givens*, 237 Ill. 2d at 323.

¶ 33                                             II

¶ 34        Though I need only speak to the majority's opinion, I think the substantive issues, the only issues, raised by the parties should be addressed, that is (1) whether the trial court properly granted attorney fees to Taliani's attorney, and (2) whether Taliani's attorney was entitled to fees on fees. I would answer both questions in the affirmative.

¶ 35                                    A. Entitlement to Fees

¶ 36        The only prerequisite to an award of attorney fees under FOIA is that the party seeking the information "substantially prevail[ ] in a proceeding." 5 ILCS 140/11(i) (West 2008)*; Callinan v. Prisoner Review Board*, 371 Ill. App. 3d 272, 277 (2007). In order to substantially prevail in a FOIA claim, the plaintiff must demonstrate that (1) the prosecution of the action could reasonably be regarded as necessary to obtain the information, and (2) the action substantially caused delivery of the information. *People ex rel. Ulrich v. Stukel*, 294 Ill. App. 3d 193, 202 (1997).

¶ 37        In determining a reasonable fee, the court may consider the fee arrangement between the

---

[2] The majority contend that they are not reviewing the trial court's August 8, 2008, order. However, it is the propriety of that order that leads the majority to conclude that no attorney fees should have been allowed in this case. The majority find that attorney fees were improper because the transcripts fall within an exception under FOIA. The problem is that Herrmann never raised that issue at trial or appeal. Thus, it should not be decided by this court.

-7-

attorney and the client. *Renken v. Northern Illinois Water Co.*, 191 Ill. App. 3d 744, 751 (1989). Other factors to consider are: (1) the skill and standing of the attorney; (2) the nature of the cause and the novelty and difficulty of the issue; (3) the amount and the importance of the subject matter; (4) the degree of responsibility involved in managing the case; (5) the time and labor required; (6) the usual and customary rate charged in the community; and (7) the benefit to the client. *Blankenship v. Dialist International Corp.*, 209 Ill. App. 3d 920, 927 (1991). A trial court is free to use its own knowledge and experience to evaluate the attorney fees sought. *McHenry Savings Bank v. Autoworks of Wauconda, Inc.*, 399 Ill. App. 3d 104, 113 (2010).

¶ 38     The record shows that in 2007, Taliani requested his grand jury transcripts from Herrmann through a FOIA request. Herrmann refused to turn over the transcripts to Taliani. Only after Taliani instituted his FOIA action and the trial court ordered Herrmann to provide the transcripts did Herrmann finally turn them over. Taliani substantially prevailed in his FOIA action. See *Stukel*, 294 Ill. App. 3d at 202.

¶ 39     Taliani's attorney, Caplan, provided sufficient information supporting his request for attorney fees. Caplan's fee petition contained a detailed list of the services Caplan performed on Taliani's behalf, the time spent on those services and the hourly rate he charged for his work. Caplan also testified to his time and work product. Taliani's expert testified to the amount of work Caplan performed in the case, Caplan's experience, and the customary rate charged by attorneys in the community. The trial court considered this evidence to determine the fee's reasonableness, applying the *Blankenship* factors. See *Blankenship*, 209 Ill. App. 3d at 927. Additionally, the court properly relied upon its own knowledge and experience in determining the fees. See *McHenry Savings Bank*, 399 Ill. App. 3d at 113. The trial court properly determined that Taliani was entitled to attorney fees.

¶ 40                                    B. Fees on Fees

¶ 41     The question of whether the Illinois FOIA's provision for attorney fees includes fees on fees appears to be a matter of first impression. However, Illinois courts have permitted fees on fees requests in other contexts. See *Rackow v. Human Rights Comm'n*, 152 Ill. App. 3d 1046, 1064 (1987) (allowing fees on fees under Human Rights Act); *In re Estate of Marks*, 74 Ill. App. 3d 599 (1979) (trial court approved attorney fees for time spent preparing petition for attorney fees in contested probate case). We agree with this concept and believe it should apply in FOIA cases.

¶ 42        Courts have allowed fees on fees under similar state statutes,[3] federal FOIA,[4] and other federal fee-shifting statutes.[5] The denial of fees on fees attenuates the practical effect and the intent of fee-shifting statutes. See *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d at 463 ("[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." (Internal quotation marks omitted)).

¶ 43        The primary purpose of the Illinois FOIA's attorney fee provision is "to prevent the sometimes insurmountable barriers presented by attorney fees from hindering an individual's request for information and from enabling the government to escape compliance with the law." *Duncan Publishing, Inc. v. City of Chicago*, 304 Ill. App. 3d 778, 786 (1999). The purpose and intent of the Illinois FOIA's attorney fees provision can only be fully accomplished if fees on fees are allowed. I would find that the trial court erred in denying Taliani's request for fees on fees.

---

[3]See *Courier News v. Hunterdon County Prosecutor's Office*, 876 A.2d 806, 811 (N.J. Super. Ct. App. Div. 2005) (time spent preparing a fee petition compensable under New Jersey's Open Records Act (N.J. Stat. Ann. § 47:1-6 (West 2002))); *Hollen v. Hathaway Electric, Inc.*, 584 S.E.2d 523 (W. Va. 2003) (plaintiff entitled to fees for time spent preparing and arguing an attorney fees petition under the West Virginia Wage Payment and Collection Act (W. Va. Code § 25-5-1 *et seq.* (2000))).

[4]See *Ralph Hoar & Associates v. National Highway Traffic Safety Administration*, 985 F. Supp. 1 (D.D.C. 1997).

[5]" 'In statutory fee cases, federal courts *** have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.' [Citation.]" *In re Southern California Sunbelt Developers, Inc.*, 608 F.3d 456, 463 (9th Cir. 2010); see, *e.g.*, *American Federation of Government Employees, AFL-CIO, Local 3882 v. Federal Labor Relations Authority*, 994 F.2d 20 (D.C. Cir. 1993) (Back Pay Act); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986) (Truth-in-Lending Act, Fair Credit Reporting Act and Fair Debt Collections Practices Act); *Sierra Club v. Environmental Protection Agency*, 769 F.2d 796 (D.C. Cir. 1985) (Clean Air Act); *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897 (3d Cir. 1985) (Civil Rights Attorney's Fees Awards Act of 1976); *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985) (Bankruptcy Reform Act); *Prandini v. National Tea Co.*, 585 F.2d 47 (3d Cir. 1978) (Civil Rights Act of 1964); *American Canoe Ass'n v. United States Environmental Protection Agency*, 138 F. Supp. 2d 722 (E.D. Va. 2001) (Clean Water Act and Endangered Species Act).