ARDEANA PROSEN, Plaintiff-Appellant, v. BERNICE CHOWANIEC *et al.*, Defendants-Appellees.

First District (2nd Division) No. 1—94—0995

Opinion filed February 7, 1995.

66

Bernard J. Hennessy and Charles R. Purcell, both of Chicago, for appellant.

Chester L. Chowaniec, of Oak Lawn, appellee *pro se.*

Griffin & Gallagher, of Palos Hills, for appellees Bernice Chowaniec, Dean Chowaniec, and Brian Chowaniec.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff initiated an action alleging tortious interference with an expectancy under a will and sought a constructive trust, an accounting, an injunction, and other relief in the chancery division of the circuit court of Cook County on October 19, 1987. On March 21, 1989, the chancery court transferred the case to the probate division. While the will was on file in probate court, neither party moved to admit decedent's will to probate and to open an estate. As a result, the probate court, of course, was unable to take action upon plaintiff's petition. On September 28, 1989, the probate court transferred the case

back to the chancery court. On May 19, 1993, the cause was returned to the probate court because remedies were available under the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110$^1$/$_2$, par. 1—1 *et seq.* (now 755 ILCS 5/1—1 (West 1992) (Probate Act))), and the March 21, 1989, order required such a transfer. Once again, neither party opened the estate and the case was returned to the chancery court on September 17, 1993. Plaintiff did not request an interlocutory order under Supreme Court Rule 308 (134 Ill. 2d R. 308) to appeal either the March 21, 1989, or May 19, 1993, transfer. On February 24, 1994, the chancery court granted defendants' motion to dismiss for want of prosecution. This appeal followed.

●1 Courts possess the inherent power to dismiss actions for want of prosecution. A determination of the existence of a lack of diligent prosecution rests within the sound discretion of the trial court and should not be disturbed without a finding of an abuse of that discretion. However, a dismissal for want of prosecution is error unless the party has been guilty of inexcusable delay in prosecuting the suit. *Ali v. Jones* (1993), 239 Ill. App. 3d 844, 849, 607 N.E.2d 655, *appeal denied* (1993), 151 Ill. 2d 561, 616 N.E.2d 331.

■ Here, the chancery court dismissed plaintiff's case for want of prosecution because plaintiff failed to proceed with her action in probate court. While the chancery court transferred the case to the probate division on two occasions, it never ordered plaintiff to open an estate; nor did the transfer order on either occasion contain language to that effect. Without such an order, plaintiff's refusal to proceed in probate does not amount to an inexcusable delay in prosecution. The dismissal was therefore an abuse of the circuit court's discretion; consequently, we reverse its judgment.

Moreover, although the court has the authority and discretion to transfer a case filed in the wrong division to the proper one (*In re Estate of Olsen* (1983), 120 Ill. App. 3d 744, 747, 458 N.E.2d 164), we hold that plaintiff stated a valid cause of action in chancery court for tortious interference with an expectancy of receiving property pursuant to a will (*Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, 498, 425 N.E.2d 1187 (*Nemeth I*)), and that there was no reason to transfer the case to the probate division. To plead such an action in chancery, a party must allege: the existence of an expectancy; defendant's intentional interference with that expectancy; the interference involved conduct tortious in itself such as fraud, duress, or undue influence; a reasonable certainty that the devise would have been received by a potential devisee but for defendant's interference; and damages. (*Nemeth*, 99 Ill. App. 3d at 499; *Greene v. First National Bank* (1987), 162 Ill. App. 3d 914, 516 N.E.2d 311, *appeal denied*

(1988), 119 Ill. 2d 556, 522 N.E.2d 1244.) Plaintiff's second amended complaint satisfied each of these requirements. Despite defendant's contention, a party is not required to allege a lack of alternate remedies.

■ All defendants, excepting Chester Chowaniec, also contend that plaintiff waived the right to challenge the propriety of the transfer to probate court by failing to appeal either of the transfer orders, under Supreme Court Rule 308 (134 Ill. 2d R. 308), at the time of their issuance. A request for an interlocutory appeal, under Rule 308, is entirely optional; nothing in Rule 308 or in case law states that failure to assert one's rights under the rule amounts to waiver of the issue. Defendants significantly fail to cite any authority for their argument. Lacking a final appealable order, plaintiff did not waive her right to challenge the propriety of the transfer.

Reversed and remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

HARTMAN and McCORMICK,[1] JJ., concur.

---

[1]Justice McCormick, who was not present at oral argument, has read the briefs and has fully participated in the deliberations and judgment of the court.