NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220792-U

NO. 4-22-0792

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 3, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| TERESA ARTEAGA, f/k/a TERESITA DeJESUS ARTEAGA, | ) ) | Appeal from the Circuit Court of |
| Petitioner-Appellant, | ) | Knox County |
| v. | ) | No. 01F22 |
| STEVEN DUANE SIMPSON, | ) | |
| Respondent-Appellee. | ) | Honorable |
| | ) | Curtis S. Lane, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice DeArmond and Justice Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court reversed and remanded for further proceedings, concluding the circuit court's decision to dismiss the support petition for want of prosecution was based upon an erroneous view of the law.

¶ 2   Petitioner, Teresa Arteaga, f/k/a Teresita DeJesus Arteaga, appeals from the circuit court's judgment dismissing her support petition against respondent, Steven Duane Simpson, for want of prosecution. On appeal, Teresa argues the circuit court's decision to dismiss her petition for want of prosecution was an abuse of discretion. For the reasons that follow, we reverse and remand for further proceedings.

¶ 3                    I. BACKGROUND

¶ 4   In June 2000, the parties' daughter was born. Thereafter, the circuit court entered orders for custody, visitation, and support. The court's orders did not address postsecondary educational expenses for the daughter.

¶ 5                              A. Petition for Contribution

¶ 6           In June 2019, Teresa, through counsel, filed a petition against Steven for contribution to the postsecondary educational expenses of their nonminor daughter. At the time, the parties' daughter had already attended one year of postsecondary education. The petition was for hearing in August 2019.

¶ 7                    B. Initial Proceedings on the Petition for Contribution

¶ 8           Between August and November 2019, the parties, through their respective counsel, repeatedly appeared before the circuit court for status hearings. According to docket entries, the parties had exchanged financial information prior to a September hearing and were finishing negotiations in October 2019. A trial was then scheduled for November 2019. The trial, however, was later cancelled. The record contains no explanation for the cancelation. No further action of record was taken until March 2020.

¶ 9           Between March 2020 and February 2021, the parties, through their respective counsel, engaged in discovery and repeatedly appeared before the circuit court for case management conferences. Steven sent discovery to Teresa in March 2020, and Teresa sent discovery to Steven in April 2020. In August 2020, the parties, according to a docket entry, represented to the court that discovery was ongoing. In October 2020, Steven's counsel was granted leave to withdraw, and Steven obtained new counsel. In January 2021, counsel for both parties appeared for a scheduled case management conference. According to a docket entry from that appearance, discovery was ongoing. In February 2021, counsel for Steven appeared for a scheduled case management conference and informed the court that counsel for Teresa was unable to attend. According to a docket entry from that appearance, "parties to reset by agreement." No further action of record was taken until March 2022.

¶ 10                    C. Motion to Dismiss the Petition for Contribution

¶ 11            In March 2022, Steven filed a motion to dismiss Teresa's petition for contribution, complaining about Teresa's failure to take any action on her petition within a 12-month period. Specifically, Steven argued the circuit court should dismiss Teresa's petition with prejudice because its local court rules did "not allow one to file a [p]etition to preserve an issue and then not act upon it." In support of his argument, Steven cited, in part, local rule 3.35 (9th Judicial Cir. Ct. R. 3.35 (Jan. 1, 2015)). Local rule 3.35 states, in its entirety, as follows:

> "A. Dismissal for Want of Prosecution
>
> In any civil case in which no service, setting, trial, or other action of the court has been requested or obtained of record within twelve months of the last filing or court action, the case may be dismissed for want of prosecution, except probate which is governed by Part 9.40.
>
> B. Procedure
>
> Periodically the court shall direct the Circuit Clerk to serve by regular mail at the last known address all attorneys of record, and to the parties without an attorney, a copy of an order to show cause why the case should not be dismissed for want of prosecution. Such orders to show cause may be heard individually or at docket call. At hearing or docket call, should the court determine that the case is dormant or for other good cause, the court shall enter an order dismissing the case for want of prosecution, or the court may enter such other orders as appropriate." *Id*.

¶ 12                     D. Hearing on the Motion to Dismiss

¶ 13         In April 2022, the circuit court, following an agreed continuance, conducted a hearing on Steven's motion to dismiss Teresa's petition for contribution. The parties presented argument in support of and against the motion to dismiss.

¶ 14         Steven's counsel argued the circuit court had the authority under local rule 3.35 to dismiss Teresa's petition as no action had been taken on the petition within a 12-month period. In addition, counsel asserted Teresa's continuous failure to provide Steven with all of the necessary information about their daughter's postsecondary education and her attempt to hail him into court to make a lump-sum contribution were actions inconsistent with section 513 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/513 (West 2018)), the statute which addressed contributions to postsecondary educational expenses of a nonminor child. In support of that assertion, counsel, after noting the statutory provision providing the establishment of any obligation to pay under section 513 is retroactive only to the date of the filing of a petition (*id.* § 513(k)), expressed his belief that that provision is intended to prevent an "ambush judgment," where a parent who has been provided limited information about a nonminor child's postsecondary education is called into court to contribute to a substantial expenses bill. Counsel further expressed his belief that the purpose of section 513 "is to, okay, this is where the child's going to school next year, here's what your contribution will be, pay as you go, not just sit on it and then send a bill." When presenting his arguments, counsel noted his belief that the absence of receipt of all of the necessary information about the daughter's postsecondary education was due to the actions of Teresa, not Teresa's counsel.

¶ 15         Teresa's counsel, in response, argued it was improper for Steven to ask the circuit court to exercise its case management authority under local rule 3.35 and dismiss Teresa's petition.

- 4 -

Furthermore, counsel argued the interpretations of section 513 set forth by Steven's counsel were not supported by any case or the plain language of the statute. Counsel asserted dismissal was an extreme remedy not warranted under the circumstances. Counsel acknowledged he "should not have let the case sit as long as it has" but asserted Steven was not prejudiced, and in fact benefited, by any delay, given that expenses were ongoing, expenses were statutorily capped, and the court had the authority to order a just contribution to the expenses. When presenting his arguments, counsel noted Teresa was a "Spanish-speaking native," communication had been difficult with her, and she had "always [brought] her relatives along to translate for her." Counsel also noted his belief that Steven had not responded to all of the discovery.

¶ 16        After hearing from counsel for both parties, the circuit court granted the motion to dismiss with leave to refile. In the oral pronouncement of its decision, the court indicated its decision was based upon the absence of any hearing for over a year and the resulting prejudice to Steven from the delay. As to the latter, the court found Steven was prejudiced in that the parties' daughter had gone through most of her schooling without Steven being provided information about her academic records and living and medical expenses, expenses which are not statutorily capped.

¶ 17        Teresa's counsel, following the circuit court's oral pronouncement of its decision, asked to be heard again by the court, which the court allowed. Counsel asserted he had "been trying to get information [requested by Steven's counsel] from [Teresa]" and then, after recently receiving it from her, provided it to Steven's counsel. The court, in response, maintained the information should have been provided earlier—"I don't understand why we're supposed to just sit here and wait until I guess your client is ready to do these things." Counsel also asserted the absence of information about the academic records and living and medical expenses of the parties' daughter did not prejudice Steven as any concerns could be remedied when then the court makes

an allocation of the expenses. The court, in response, expressed concern with counsel's suggestion to "parcel out" the expenses long after they were incurred. The court concluded it did not "have a valid reason why this has been delayed for over a year."

¶ 18                                    E. Motion to Reconsider the Dismissal

¶ 19            In May 2022, Teresa, through counsel, filed a motion to reconsider the dismissal of her petition for contribution. In her motion, Teresa initially provided explanations for various delays occurring between late 2019 and February 2021, explanations which she supported, at least in part, with exhibits attached to her motion. The explanations imputed responsibility for the delays to Steven or his counsel. Teresa further maintained (1) it was improper for Steven to ask the circuit court to exercise its case management authority under local rule 3.35 and dismiss her petition and (2) dismissal was an extreme remedy not warranted under the circumstances. As to the latter, Teresa asserted Steven was not prejudiced by the absence of information about academic records and living and medical expenses of the parties' daughter.

¶ 20                                    F. Hearing on the Motion to Reconsider

¶ 21            In August 2022, the circuit court conducted a hearing on Teresa's motion to reconsider the dismissal of her petition for contribution. The parties presented argument in support of and against the motion to reconsider.

¶ 22            Teresa's counsel argued (1) it was improper for Steven to ask the circuit court to exercise its case management authority under local rule 3.35 and dismiss Teresa's petition and (2) dismissal was an extreme remedy not warranted under the circumstances. As to the latter, counsel alleged delays were caused by both parties. Counsel also emphasized the difficulties he had communicating with Teresa because of a language barrier. As for the 12-month period of inactivity, counsel asserted he requested documentation sought by Steven's counsel from Teresa

but did not "follow up effectively" on his request. Teresa's counsel then, "in a panic" after receiving the motion to dismiss, spoke with Teresa and learned she believed he did not need updated documents because of the time that had passed, a belief which counsel attributed to the communication difficulties between them. Teresa provided counsel with the documents, which counsel then provided to Steven's counsel. Teresa's counsel acknowledged he "certainly could have done more." Counsel further asserted Steven had not suffered any prejudice by the delay. Counsel acknowledged he had been granted leave to refile but maintained the dismissal was fatal because pre-petition expenses could not be obtained. Counsel noted the parties' daughter had completed her postsecondary education.

¶ 23        Steven's counsel, in response, argued it was proper for Steven to ask the circuit court to enforce its local rules, which the court then did. Counsel asserted Teresa's counsel was "attempting to fall on his sword on behalf of his client," and it was Teresa's failure to provide her counsel with the required documents that caused the delays. Steven's counsel asserted Teresa had not established any misapplication of the local rules by the court. As for the court's "reasoning in terms of [s]ection 513," counsel asserted, "[W]hile *** I don't disagree with it, *** it's kind of [a] [moot] point because the authority of the [c]ourt to do that is under local rule, not [section 513]."

¶ 24        After hearing from counsel for both parties, the circuit court denied the motion to reconsider the dismissal of Teresa's petition for contribution. In the oral pronouncement of its decision, the court found there was no new evidence presented that could not have been presented during the first hearing. As factual matters, the court stated: (1) Teresa's counsel was not at fault for not receiving the required documents from Teresa; (2) discovery had not been fully responded to by either side; and (3) no information was presented indicating the parties' daughter had "signed off on the consent to allow [Steven] to have access to the grade reports, anything, updates on the

grades." The court also found there was no misapplication of the law. The court indicated its dismissal ruling was based on several factors. First, the court highlighted the 12-month delay. Second, the court highlighted the absence of "a consent to allow [Steven] to have any information whatsoever on what's happening through the college." And third, the court highlighted the difficulty of having to "parcel out during the trial *** what time periods does [Steven] have to pay and when he does not" and what "living expenses *** are allowable" and sufficiently established. Ultimately, the court believed Steven had been denied certain "substantive rights" by the manner in which Teresa pursued her petition.

¶ 25        This appeal followed.

¶ 26                              II. ANALYSIS

¶ 27        On appeal, Teresa argues the circuit court's decision to dismiss her support petition for want of prosecution was an abuse of discretion. In support of her argument, Teresa asserts (1) the court did not rely on her purported lack of diligence as the only reason to dismiss her petition, (2) the absence of any information about the academic records and living and medical expenses of their daughter did not prejudice Steven, (3) Steven did not have any "substantive rights" to the information about their daughter's postsecondary education, (4) nothing prevented a just lump-sum contribution order following a trial, and (5) it was manifestly unjust to deprive their daughter of any possible support from her father for her postsecondary education.

¶ 28        Steven, in response, argues the circuit court's decision to dismiss Teresa's support petition for want of prosecution was not an abuse of discretion. In support of his argument, Steven asserts the court (1) was presented with a record that supports a finding of inexcusable delay by Teresa and (2) had the authority under local rule 3.35 to dismiss the petition for want of prosecution. Steven further asserts the court's analysis of the prejudice resulting from the delay

was proper and supported its conclusion that there was good cause to dismiss the petition.

¶ 29                                    A. Appellate Jurisdiction

¶ 30        At the outset, Teresa asserts, and Steven does not dispute, appellate jurisdiction exists because she timely appealed from a final judgment of the circuit court. We agree. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides, "Every final judgment of a circuit court in a civil case is appealable as of right." "A judgment is considered final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." (Internal quotations marks omitted.) *In re A.H.*, 207 Ill. 2d 590, 594, 802 N.E.2d 215, 217 (2003). Section 513(k) of the Act (750 ILCS 5/513(k) (West 2018)) states, "The establishment of an obligation to pay under this [s]ection is retroactive only to the date of filing a petition." See also *In re Marriage of Petersen*, 2011 IL 110984, ¶ 18, 955 N.E.2d 1131 ("Under the plain language of the statute, a retroactive modification is limited to only those installments that date back to the filing date of the petition for modification."). Accordingly, while a dismissal for want of prosecution with leave to refile would ordinarily not constitute a final judgment (see *Flores v. Dugan*, 91 Ill. 2d 108, 114, 435 N.E.2d 480, 482 (1982)), such a dismissal of a section 513 support petition renders any possible obligation to pay since the filing of the petition final. Teresa, following the denial of her timely postjudgment motion, timely appealed. See Ill. S. Ct. R. 303 (eff. July 1, 2017) (setting forth the time frame for the filing of the notice of appeal after entry of the final judgment). Accordingly, this court has jurisdiction.

¶ 31                                    B. Standard of Review

¶ 32        The parties contend the circuit court's decision to dismiss Teresa's support petition for want of prosecution should be reviewed for an abuse of discretion. We agree. "A determination of the existence of a lack of diligent prosecution rests within the sound discretion of the [circuit]

court and should not be disturbed without a finding of an abuse of that discretion." *Prosen v. Chowaniec*, 271 Ill. App. 3d 65, 67, 646 N.E.2d 1311, 1312 (1995). "An abuse of discretion occurs only when the circuit court's ruling is arbitrary or fanciful or when no reasonable person would adopt the view of the circuit court." *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 49, 190 N.E.3d 162. A circuit court will be found to have abused its discretion if its ruling "is based on an erroneous view of the law." *In re Commitment of Montanez*, 2020 IL App (1st) 182239, ¶ 80, 164 N.E.3d 683 (citing *Seymour v. Collins*, 2015 IL 118432, ¶ 50, 39 N.E.3d 961).

¶ 33                                   C. The Circuit Court's Decision

¶ 34        A review of the oral pronouncements of the decisions on the motion to dismiss and the motion to reconsider shows the circuit court's decision to dismiss Teresa's support petition for want of prosecution was based in large part upon its ruling that Steven was prejudiced by Teresa's delay. Specifically, the court found Steven was prejudiced in that the parties' daughter had gone through most of her schooling without Steven being provided information about her academic records and living and medical expenses. Even assuming, *arguendo*, the finding that Steven had not been provided with information about his daughter's academic records and living and medical expenses through most of her schooling is supported by the record, that finding does not, as a matter of law, establish any prejudice.

¶ 35        Section 513 of the Act (750 ILCS 5/513 (West 2018)) provides a circuit court with the authority to award sums of money out of the property and income of a parent, as equity may require, for the educational expenses of any child of that parent. Relevant here, section 513(f) addresses a parent's access to information about a child's academic records:

> "If educational expenses are ordered payable, each party and
>
> the child shall sign any consent necessary for the educational

institution to provide a supporting party with access to the child's academic transcripts, records, and grade reports. The consent shall not apply to any non-academic records. Failure to execute the required consent may be a basis for a modification or termination of any order entered under this [s]ection. Unless the court specifically finds that the child's safety would be jeopardized, each party is entitled to know the name of the educational institution the child attends." *Id.* § 513(f).

Also relevant here, section 513(d) sets forth possible educational expenses for which an award can be made, including living and medical expenses. *Id.* § 513(d).

¶ 36　　　　Contrary to the finding of the circuit court, nothing in section 513 of the Act provides any basis to conclude a parent who has yet to be ordered to contribute to the postsecondary educational expenses of a nonminor child has a substantive right to information about the nonminor child's academic records and living and medical expenses. Accordingly, the mere absence of that information does not, by itself, establish prejudice. The circuit court's decision to dismiss the support petition was, therefore, based upon an erroneous view of the law. On this ground alone, we conclude the court's judgment must be reversed and the cause be remanded for further proceedings.

¶ 37　　　　In reaching this conclusion, we have found the cases cited by Steven, *Deardorff v. Decatur & Macon County Hospital Ass'n*, 111 Ill. App. 2d 384, 250 N.E.2d 313 (1969), and *Brantley v. Delnor Hospital, Inc.*, 120 Ill. App. 2d 185, 256 N.E.2d 369 (1970), distinguishable, in that neither of those cases involve a dismissal based upon an erroneous view of the law. We have also found Steven's suggestion that the circuit court will not, on remand, have the authority

to enter an order for contribution because of his daughter's receipt of a baccalaureate degree unconvincing. Such a suggestion has been previously rejected by the appellate court, case law which Steven does not address. See *In re Marriage of Chee*, 2011 IL App (1st) 102797, ¶ 15, 952 N.E.2d 1252 (rejecting a proposed construction of section 513 which would impose a deadline for not only filing but adjudicating a petition).

¶ 38 Our conclusion should not be read to mean we condone or approve of the delays in this case. The resolution of issues of support should be prompt. *In re Marriage of Petersen*, 2011 IL 110984, ¶ 23. On remand, both parties should work expeditiously to bring this cause to a close.

¶ 39                             III. CONCLUSION

¶ 40 We reverse the circuit court's judgment and remand the cause for further proceedings.

¶ 41 Reversed; cause remanded.