**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230793-U

Order filed April 16, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| PHYLLIS BONZANI n/k/a SPORLEIN, | ) | Will County, Illinois, |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-23-0793 |
| and | ) | Circuit No. 10-D-1062 |
| | ) | |
| ROBERT BONZANI, | ) | Honorable |
| | ) | Derek W. Ewanic, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Peterson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The trial court improperly dismissed petition to reduce child support. Vacated and remanded.

¶ 2     Respondent Robert Bonzani appeals the trial court's dismissal for want of prosecution of his petition to reduce child support and its setting of a child support arrearage purge without a hearing. We vacate and remand for further proceedings.

¶ 3                               I. BACKGROUND

¶ 4        Detailed facts concerning the procedural history of this case were set forth in our prior orders. *In re Marriage of Bonzani*, 2023 IL App (3d) 220026-U, ¶¶ 5-32; *In re Marriage of Bonzani*, 2023 IL App (3d) 220526-U, ¶¶ 4-9. We only provide a brief factual summary for context. Petitioner, Phyllis, and Robert were married in 1993 and had two children. In 2012, the trial court entered a dissolution judgment and a joint parenting judgment.

¶ 5        In June 2014, the dissolution judgment was modified by an agreed order requiring Robert to pay $3000 per month in child support and $3000 per month in maintenance. At the time, both children were unemancipated minors.

¶ 6        In July 2016, Robert *pro se* petitioned to reduce child support and maintenance. The petition to reduce alleged his inability to pay and the need for a modification were due to the suspension of his medical license and the closure of his medical practice. At that time, the children were 16 and 18 years old. In August, Robert filed for bankruptcy, and this case was stayed while bankruptcy proceedings were pending.

¶ 7        Over the next seven years, both parties filed various petitions and motions. Robert was represented by attorneys at times and acted *pro se* at other times. In September 2018, Phyllis petitioned for an extension of maintenance. In December 2018, Robert, by counsel, filed a petition to terminate child support obligations based on both children's emancipation. The next day, Phyllis petitioned to hold Robert in indirect civil contempt based on his failure to meet his child support and maintenance obligations.

¶ 8        In August 2022, the trial court held a hearing on Phyllis's petition for extension of maintenance. It did not address Robert's petition to modify child support, pending since July 2016, or his petition to terminate child support, pending since December 2018. On September 20, 2022,

the court entered an order addressing only issues of maintenance. On December 1, 2022, the court granted Phyllis's petition for an extension of maintenance.

¶ 9 In July 2023, Robert's attorney renoticed the 2016 petition to reduce child support and the 2018 petition to terminate child support. Before the hearing in October 2023, Phyllis moved to strike Robert's 2016 *pro se* petition to reduce.

¶ 10 At the hearing on October 10, 2023, the court asked Robert's counsel if he was going to adopt the 2016 *pro se* petition. Counsel answered he was not adopting the petition and instead requested to amend the petition and continue the hearing. The court stated,

"The reason why I asked if you're going to adopt it is because I have the suspicion that you understand that what's alleged in the petition may not be true. So I'm not going to strike it, but I am going to dismiss it for want of prosecution because Mr. Bonzani is now represented by counsel and that counsel is unwilling to adopt the motion."

After the hearing, the court found Robert in indirect civil contempt for failure to pay child support in the amount of $39,500.00, as of May 31, 2018. It reserved the issues of setting a purge and sentencing until December 5, 2023.

¶ 11 In November 2023, Phyllis filed a "suggested sentence and purge for [Robert's] willful contempt.

¶ 12 On December 1, 2023, Robert's attorney moved to withdraw. On December 5, the court addressed the motion to withdraw, setting the purge, and sentencing. Robert was not present. Before the court granted leave to withdraw, Robert's counsel argued the purge suggestions should be reviewed by Robert and his new counsel, and Robert would be prejudiced if he did not have the opportunity to respond to Phyllis's allegations. The court stated, "Well, he had the opportunity to

3

respond. He should be here today[.]" The court sentenced Robert to an indeterminate period in jail, not to exceed 180 days and set the purge at $66,383.67, to be paid within thirty days. It heard no evidence as to Robert's ability to pay, or his income, assets, and liabilities. The court then granted counsel leave to withdraw, stating Robert had 21 days to file his own appearance or hire new counsel. Robert appeals.

¶ 13                                                      II. ANALYSIS

¶ 14        On appeal, Robert argues the trial court erred when it (1) dismissed his 2016 *pro se* petition to reduce child support and (2) set a child support arrearage purge. The first issue is dispositive.

¶ 15        Robert contends an attorney is not required to adopt motions or pleadings previously filed by a *pro se* litigant or a former attorney. He further contends the court abused its discretion when it dismissed his 2016 petition to reduce child support for want of prosecution because there was no evidence Robert intentionally disregarded the court's directions or Phyllis would be prejudiced if Robert were allowed to proceed on the petition. Phyllis argues Robert's counsel had an ethical obligation to evaluate the petition and determine whether he would argue in support of the petition as filed, and counsel chose not to. Therefore, she contends the court properly dismissed the 2016 petition for want of prosecution, not based on the petition's age, but because Robert's counsel declined to prosecute the petition as drafted.

¶ 16        "A determination of the existence of a lack of diligent prosecution rests within the sound discretion of the trial court and should not be disturbed without a finding of an abuse of that discretion." *Prosen v. Chowaniec*, 271 Ill. App. 3d 65, 67 (1995). An abuse of discretion occurs when the court's ruling is arbitrary, fanciful, or unreasonable. *In re Marriage of Amyette*, 2023 IL App (3d) 200195, ¶ 44.

4

¶ 17   The court abused its discretion when it dismissed Robert's 2016 petition to reduce and therefore denied Robert the opportunity to seek relief retroactive to the date of the petition. See 750 ILCS 5/510(a) (West 2022) (support order may be modified only as to installments accruing after a party gives notice of proceedings to modify); *In re Marriage of Britton*, 2022 IL App (5th) 210065, ¶ 52. The court's rationale for dismissal was a speculative inference about the motives of Robert's counsel. By its own words, the trial court based its dismissal on a *suspicion* that counsel was "unwilling to adopt" the *pro se* petition because it contained false claims. The court's suspicion was grounded in neither evidence nor logic. Moreover, counsel requested leave to amend the petition. That request indicated potential merit in the original petition, and in no way suggested the allegations of Robert's 2016 petition were false. The court's speculative reasoning was not a proper basis for denying Robert an amendment "on just and reasonable terms." 735 ILCS 5/2-616(a) (West 2022). The court's discretion is not unbounded. It must be exercised by employing conscientious judgment and with some basis in recognized principles of law. *Petryshyn v. Slotky*, 387 Ill. App. 3d 1112, 1116 (2008). Here, the court's reliance on speculation was unreasonable. Thus, the court abused its discretion when it dismissed Robert's 2016 petition and denied counsel's request to amend. We vacate the trial court's order dismissing the petition for want of prosecution. Because the resolution of the petition may alter the amount of the arrearage as of May 2018, for which Robert was held in contempt, we vacate the trial court's order setting the child support arrearage purge and remand for further proceedings.

¶ 18                                  III. CONCLUSION

¶ 19   The judgment of the circuit court of Will County is vacated and the cause is remanded for further proceedings.

¶ 20   Vacated and remanded.